#### 5996. SIMMONS *v.* NEWSOME.

The court did not err in striking the answer and in rendering judgment in favor of the plaintiff.
> DECIDED JUNE 12, 1915.

Complaint; from city court of Springfield—Judge Farr. September 14, 1914.

*J. H. Smith,* for plaintiff in error.  *Paul E. ˙Seabrook,* contra.

BROYLES, J. S. O. Newsome sued W. S. Simmons on nine promissory notes aggregating the sum of $270 principal. When the case came on for trial counsel for the plaintiff made an oral motion to strike the defendant's answer, on the ground that it set up no valid defense. The court sustained the motion, and rendered judgment against the defendant; whereupon the defendant excepted. The plaintiff's petition alleged: (2) "That W. S. Simmons is indebted to said S. O. Newsome in the sum of two hundred and seventy ($270) dollars, besides interest thereupon at 6% per annum from November 19, 1910, and besides 10% on the whole amount as attorney's fees; said sum representing the aggregate principal of nine (9) promissory notes, copies of which are hereto attached marked exhibits A, B, C, D, E, F, G, H, and I, respectively. (3)

That all of said nine promissory notes are past due, and the said W. S. Simmons refuses to pay them or any one of them. (4) Petitioner further shows that ten days' notice to collect attorney's fees has been given defendant, a copy of which is hereto attached marked exhibit J and made a part of this petition."

The defendant answered as follows: (2) "Defendant admits the execution of the notes named in paragraph 2 of plaintiff's petition, but denies that he is due plaintiff any sum on said notes, for the reason that plaintiff, by false and fraudulent representations, induced defendant to sign and deliver to plaintiff said notes, said notes being signed by defendant and delivered to plaintiff in part payment for 206 shares of stock in the Effingham Telephone & Telegraph Company, which said stock plaintiff represented was free from any and all incumbrances and liens of any kind, and upon said false and fraudulent representations induced defendant to purchase said 206 shares of stock at the par value of $10 per share, the said representations being false and fraudulent, the said plaintiff well knowing at the time said representations were made that the Citizens Bank of Guyton, Georgia, held a lien, mortgage, or other evidence of debt over and on said stock to the amount of $6 per share; wherefore defendant should not be called upon to pay said notes or any part thereof, said notes having been thus fraudulently obtained from defendant. (3) Defendant admits paragraph 3 of plaintiff's petition. (4) Defendant admits paragraph 4 of plaintiff's petition. (5) And for further plea and answer in his behalf defendant invokes the equitable intervention of this honorable court, and for equitable plea and answer says: (6) That in the month of November, 1910, plaintiff proposed to sell defendant 206 shares of the stock of the Effingham Telephone & Telegraph Company at and for the par value of $10 per share, or a total of $2,060 for said 206 shares of stock. That at the time plaintiff offered to sell defendant said stock, plaintiff represented and told defendant that said stock was clear of debts and free from all encumbrances, and that there were no claims or demands against the same outstanding except current operating expenses, and that the net earnings of said telephone company was $100 per month, and that the stock plaintiff offered to defendant was earning from $30 to $40 per month. That defendant told plaintiff he did not have the available funds sufficient to purchase said stock,

and plaintiff then and there told defendant that if he (defendant) would raise $800 and pay $800 cash, he (plaintiff) would make easy monthly payments on the balance, so that the earnings of said stock would take care of the payments accruing on the deferred payments. (7) That acting on these representations of plaintiff, defendant bought said 206 shares of stock from plaintiff and paid plaintiff $800 cash, and executed and delivered to plaintiff forty-two promissory notes for $30 each, payable in installments every thirty days. (8) That said plaintiff gave defendant a conditional bill of sale to said 206 shares of stock, retaining title in himself until said notes were all paid, the said transaction being closed up during the month of December, 1910. (9) That plaintiff then and there delivered to W. O. Roberts, cashier of the Effingham County Bank, the certificates for said 206 shares of stock in said company. (10) That defendant in good faith, relying on plaintiff's said representations, paid said $800 in cash and gave said forty-two notes for the said deferred payments, and was well and truly in good faith paying said notes as they fell due, when this defendant discovered and learned that said stock was indebted, pledged, and encumbered to the Citizens Bank of Guyton, Georgia, to the extent of $6 per share, and that the 206 shares that defendant had bought from plaintiff was liable to said Citizens Bank of Guyton, Georgia, for the sum of $1,236. (11) That defendant, upon learning of this indebtedness and encumbrance on said stock, immediately notified and told plaintiff of his discovery, and demanded that plaintiff remove, discharge, release, and free said 206 shares of stock from said indebtedness to said bank; and plaintiff then and there agreed and promised defendant that he would do so, and told defendant he would give defendant a discount on said unpaid notes to meet the said debt at said bank. (12) That defendant, in good faith, and relying on plaintiff's said representations and promises, got up the money to pay said debt at said bank, and was ready to take up said indebtedness to said bank and settle with plaintiff, whereupon plaintiff informed defendant, when defendant made demands for the return of said unpaid notes, he said plaintiff informed defendant that he had traded off said notes and no longer held them. (14) That by reason of this statement of plaintiff that he had traded off said notes, and the fact that said notes then presented afterwards were presented by the Merchants &

Farmers Bank of Boston, Georgia, this defendant paid said notes thus in the hands of innocent parties. (15) That in July, 1914, plaintiff told defendant that he had regained possession of the remaining balance of said notes, having again become the owner of said notes, and that since which time plaintiff informed defendant that he was the holder of said notes again, defendant has refused to pay any more of said notes, for the reasons herein stated. (16) That defendant, by reason of the false and fraudulent representations made by plaintiff to defendant as herein stated, has wrongfully and fraudulently induced, caused, and influenced defendant to sign said nine notes as sued upon, and in equity and good conscience defendant should not be called upon to pay the same except by way of accounting, in arriving at the amount that defendant should recover from plaintiff by reason of his false and fraudulent representations. (17) That defendant, by reason of the said false and fraudulent representations made by plaintiff to defendant as herein related, has wrongfully and fraudulently caused and forced defendant to contribute and to pay the said indebtedness of $6 per share, or a total of $1,236, to the Citizens Bank of Guyton, Georgia, in order that said stock would be free from said debt, and that in equity and good conscience defendant should have judgment and recover from plaintiff said $1,236, less the sum represented by said nine notes as sued upon, to wit, $270; leaving a balance of $966 that defendant has been actually defrauded out of by plaintiff by reason of said false and fraudulent representations as made by plaintiff, and for which amount, to wit, $966, defendant prays that he have judgment for against plaintiff in excess and over any amount he may be due plaintiff on said notes, and that (18) plaintiff be required to produce and. surrender in the registry of the. court the certificates to said 106 shares of stock as now held by him," etc.

It will be seen, from the foregoing pleadings, that the notes sued on represent the balance due on the purchase-price of 206 shares of capital stock in the Effingham Telephone & Telegraph Company, which were sold to the defendant by the plaintiff,—the full purchase-price being $2,060, upon which $800 was paid in cash at the time of the transaction, to wit, November 19, 1910, and the remainder, $1,260, being represented by 42 notes for $30 each, the last maturing August 1, 1914. It will be seen, therefore, that the length

of time intervening between the purchase of this stock and the maturity of the last note is three years and nine months, and it will also be noted that all of the 42 notes originally given have been paid, except the nine which are involved in this suit; and, so far as the pleadings show, the 33 notes were paid without any complaint. In paragraph 2 of the plea it is alleged that the purchase of the 206 shares of stock was induced by the false and fraudulent representations of the seller, who at the time well knew "that the Citizens Bank of Guyton, Ga., held a lien, mortgage, or other evidence of debt over and on said stock" (the time referred to being November 19, 1910). It would seem that unless the answer alleged that the Citizens Bank of Guyton *now* held such lien, mortgage, or other evidence of debt upon said stock, and was specific as to the nature of the lien, and that by reason of it the plaintiff was unable *now* to deliver said stock, this allegation would not be defensive against a suit now instituted upon these remaining nine notes. It is alleged in paragraph 8 of the answer that "the said transaction was closed up during the month of December, 1910," and in paragraph 9 that "plaintiff then and there delivered to W. O. Roberts, cashier of the Effingham County Bank, the certificates for said 206 shares of stock in said company." This would indicate, to our minds, that if the Citizens Bank of Guyton had a lien or mortgage on the 206 shares of stock on November 19, 1910, this lien must have been discharged during the month of December, 1910, to have enabled the plaintiff to deliver the stock to Roberts, the cashier of the Effingham County Bank. The Citizens Bank of Guyton, if in fact it had a lien upon the certificates of stock, must also have held physical possession of them, because the law is well established that when a bank holds a lien, mortgage, or other evidence of debt over and on certificates of capital stock, it is also presumed to hold possession of the stock as collateral security for the debt. Especially is this conclusion justified when, in paragraph 10 of the answer, the defendant says that "said stock was indebted, pledged, and encumbered to the Citizens Bank of Guyton, Georgia." In the same paragraph the defendant alleges also that "the 206 shares that defendant had bought from plaintiff was liable to said Citizens Bank of Guyton, Georgia, for the sum of $1,236;" but he fails to suggest how it was liable, or when the discovery was made by him that it was so liable. In paragraph 17 it is alleged by the

defendant that by reason of the said false and fraudulent representations made to him by the plaintiff, he was forced to contribute and to pay the said indebtedness of $6 per share, or a total of $1,236, to the Citizens Bank of Guyton, in order that said stock would be free from said debt; but it is not alleged when this payment was made, how it was made, or whether the payment released the stock, and, if so, to whom it was released by the bank. Neither does the defendant anywhere in his answer plead that the alleged indebtedness of $1,236 was an indebtedness of the plaintiff, or an indebtedness which the defendant was called upon to pay to enable the plaintiff to deliver the certificates of stock upon the payment of the purchase-price. In paragraph 18 the defendant prays that "plaintiff be required to produce and surrender in the registry of the court the certificates of said 206 shares of stock, as now held by him."

Giving every reasonable construction to the answer, it, in our opinion, fails to establish that at the time of the maturity of the notes sued upon the plaintiff was unable to deliver the stock on payment of the notes; nor is it shown that the alleged $1,236 was a debt due by the plaintiff, and one which it was necessary for the defendant to pay in order that the plaintiff might be enabled to deliver the stock. It will also be seen that the alleged representations set out in paragraph 6 of the answer, as to the earning capacity of the stock, are nowhere alleged to be untrue, and that the only representation of which the defendant complains is the representation that the stock was clear of debt and free from incumbrances, and that there was no claim or demand outstanding against it except current operating expenses. This representation was made nearly four years prior to the maturity of the notes sued upon, and the defendant alleges that in order to free the stock from an indebtedness of $1,236, he, at some time unknown, had to pay that amount to the Citizens Bank of Guyton; and yet, by the express allegation of the defendant himself, the stock is now in the hands of the plaintiff, and the defendant asks that the plaintiff be required to deposit it in the registry of the court.

In the absence of allegations in the answer that the indebtedness of $1,236, alleged to have been paid by the defendant to the Citizens Bank of Guyton, was an indebtedness of the plaintiff, and that the said indebtedness was secured by this stock, so that before

the plaintiff could deliver it to the defendant it was necessary to pay this indebtedness, or that the payment was authorized by the plaintiff, the law will assume that the alleged payment by the defendant to the bank was a voluntary act upon his part, unauthorized by the plaintiff and not demanded by the law, and that it could not be considered or applied as a credit upon the notes sued on.

In our judgment the answer does not set up a good defense to the suit, and it was properly stricken by the court; and there was no error in awarding judgment to the plaintiff.

*Judgment affirmed.*